UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| AMY L. SCHNEIDER and JANET E. BRENEMAN, individually and on behalf of others similarly situated,<br><br>Plaintiffs<br><br>vs.<br><br>UNION HOSPITAL, INC.,<br><br>Defendants | )<br>)<br>)<br>) **CLASS ACTION COMPLAINT**<br>)<br>) **FLSA COLLECTIVE ACTION**<br>) **COMPLAINT UNDER**<br>) **29 USC § 216(b)**<br>)<br>) CASE NO. 2:15-cv-00204-JMS-WGH<br>)<br>)<br>)<br>) |

***PLAINTIFFS' FIRST AMENDED COMBINED CLASS ACTION AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES***

Come now the Plaintiffs, Amy L. Schneider ("Schneider") and Janet E. Breneman ("Breneman"), by counsel, and for their Class Action and FLSA Collective Action Complaint against the Defendant, Union Hospital, Inc. ("Union Hospital"), allege and say:

### *I. STATEMENT OF THE CASE*

Schneider and Breneman bring this class and collective action lawsuit against Union Hospital to address class-wide wage and hour violations committed by Union Hospital against its employees. Schneider and Breneman will serve as class representatives.

Specifically, Union Hospital is and has been underpaying its hourly-paid employees' wages on a systematic, class-wide basis as a result of an illegal time card rounding policy and practice. All hourly-paid Union Hospital employees were similarly subjected to Union Hospital's unlawful compensation scheme that required its hourly paid employees to perform, on

1

an aggregate basis, significant work prior to the scheduled start time of each shift and to perform significant work after the scheduled end of each shift. Union Hospital has not been paying its employees for this additional work time. To explain generally, Union Hospital is using a non-neutral recordkeeping system which rounds work time entries only in Union Hospital's favor and to its employees' detriment. Union Hospital's illegal time card rounding practices (non-neutral time card rounding) violate the FLSA and result in underpayment of minimum wages and overtime compensation. In the same way, Union Hospital's illegal time card rounding practices result in the underpayment of wages, creating class-wide violations of the Indiana Wage Payment Statute, I.C. 22-2-5 and/or Indiana law governing breach of contract.

Schneider and Breneman's class and collective action claims based upon Union Hospital's illegal time card rounding practices are perfect for class treatment and will be easy to prove. All of Union Hospital's wage violations will be shown from a comparison of the face of Union Hospital's pay stubs to employees and Union Hospital's own time records for those same employees.

## II. FACTUAL ALLEGATIONS

1. Schneider is a resident of the State of Indiana, and is domiciled in Terre Haute, Vigo County, Indiana. Schneider was first hired by Union Hospital in approximately January 2008. She continued her employment with Union Hospital through May 1, 2015, when she voluntarily ended her employment in order to take a similar position with a contracting company that performed work for Union Hospital. At all times during her official employment with Union Hospital, Schneider was paid wages on an hourly basis and treated as a non-exempt employee.

2. Breneman is a resident of the State of Indiana, and is domiciled in Terre Haute,

Vigo County, Indiana. Breneman was first hired by Union Hospital in approximately January 2006 and worked on a full time basis until the Fall 2011, when she retired for a period of time. Breneman was hired again by Union Hospital in approximately November 2012 to work on an hourly paid basis and she continued her employment with Union Hospital through May 19, 2015, when she voluntarily resigned her employment. At all times during her employment with Union Hospital, Breneman was paid wages on an hourly basis and treated as a non-exempt employee.

3. Union Hospital employed Schneider and Breneman at its Terre Haute, Vigo County hospital.

4. For all of its hourly-paid employees, Union Hospital used and uses an electronic (believed to be a Kronos system) time keeping system activated by each employee's use of a specified telephone in his/her department. Using this phone, the employee would record his/her actual time he/she began work for each shift and record the actual time the employee ends his/her work each shift. If Union Hospital paid its non-exempt, hourly-paid employees' wages and overtime based upon these time clock entries, Union Hospital would be in compliance with the FLSA and with Indiana wage statutes.

5. Union Hospital does not pay its employees' wages and compensation based upon actual entries on its own time records.

6. Importantly, Union Hospital does not record its non-exempt, hourly-paid employees' work time in any other way. The only time records Union Hospital has to base its payment of wages are the time records generated by the electronic, telephone-based system.

7. Union Hospital has created a policy and practice whereby it significantly adjusts downward and deducts time from its non-exempt, hourly-paid employees' time records and pays

3

its employees for less than their full time worked.

8. Based upon its long-standing policy and practice of manipulating and downwardly adjusting employee time records, Union Hospital has been systematically underpaying its employees significant sums of wages on a daily basis. The aggregate sum of unpaid wages for all employees based upon Union Hospital's non-neutral (and self-serving) rounding policy is very substantial on a daily, weekly, and an annual basis.

9. Union Hospital's time rounding system or program is designed to always benefit Union Hospital, both at the beginning of each employee's shift and at the end of each employee's shift. Union Hospital pays it hourly employees for time worked in increments of one-tenth of one hour (0.10 hours). When an employee clocks in at the beginning of a work shift, the employee's time punch is rounded **up** to the nearest one-tenth of an hour. For example, if an employee is scheduled to begin work at 7:00 a.m., but clocks in at 6:55 a.m., the employee's time record is rounded **up** to treat the employee as though she clocked in at 7:00 a.m. However, when an employee clocks out at the end of her work shift, that employee's time is rounded **down** to the nearest one-tenth of an hour. As an example, if an employee is scheduled to finish work at 5:00 p.m., but actually clocks out at 5:05 p.m., that employee's time record is rounded **down** to treat the employee as though she clocked out at 5:00 p.m.

10. Systematically, Union Hospital rounds time off both ends of its employees' work shifts to benefit Union Hospital and to harm employees. Union Hospital underpays wages to its employees by its use of this rounding system. If employees were paid wages on a continuous work day basis - paid from actual time punch in to actual time punch out - employees would be paid more wages. Moreover, even if Union Hospital utilized a neutral time rounding system -

where it rounds up to the nearest one-tenth of an hour as often as it rounds time entries down to the nearest one-tenth of an hour - employees would be paid more wages.

11. Additionally, Union Hospital has created published personnel and disciplinary policies that further ensure that Union Hospital's time rounding system will work to Union Hospital's advantage and its employees' detriment. For example, Union Hospital created this policy:

> "Unless authorized to begin work early by a supervisor, no employee should begin work or clock in more than five (5) minutes before the start of the shift. Similarly, unless authorized to work late by a supervisor no employee should continue working or clock out later than five (5) minutes after the end of the shift. (Example: If shift is 7-3:30, the employee is expected to start work at 7 a.m. and complete the shift at 3:30 p.m. Unless a supervisor authorizes otherwise, the employee should begin work and clock in between 6:55 a.m. and 7:00 a.m. and end work and clock out between 3:30 p.m. and 3:35 p.m."

Union Hospital also threatens discipline to any employee who reports to work even one minute late:

> "Employees are expected to be in their department and ready to work at the beginning of the shift. (Example: an employee working 7 a.m. to 3:30 p.m. would be ready to work at 7 a.m. 7:01 is considered tardy."

Seven (7) such instances of "tardiness" in a rolling six (6) month period can result in suspension or termination of employment. An employer also violates the Fair Labor Standards Act ("FLSA") if it creates a policy that allows time rounding when it benefits the employer, but results in discipline to the employee if rounding would not work to the employer's advantage.

12. As described above, all of Union Hospital's time rounding practices were performed to Union Hospital's advantage and to the detriment and harm of Union Hospital's employees. Union Hospital's time card rounding practices are not neutral. Schneider and Breneman were actually harmed and underpaid wages based upon Union Hospital's

5

implementation of its unlawful wage practices as described herein.

13. To provide a more specific example of Union Hospital's illegal rounding of Schneider's time records, Schneider's January 9, 2015 time entries show unpaid time. Schneider clocked in at 6:49 and clocked out at 15:47. Her total elapsed time on the clock was 8 hours and 58 minutes. Her records show that Schneider was paid for 8.8 hours for the day, or 8 hours and 48 minutes. Schneider lost 10 minutes of paid work time. Her shift start time was rounded from 6:49 **up** to the one-tenth of an hour mark that favored Union Hospital, 6:54, and her shift end time was rounded from 15:47 **down** to the one-tenth of an hour mark that favored Union Hospital, 15:42.

14. During the period from July 6, 2012 through Schneider's last day of employment, Schneider worked at least 681 shifts. On 30 of those shifts, Schneider clocked both in and out on precise one-tenth of an hour marks and she was paid for her actual recorded work time. On the remaining 651 shifts, Union Hospital rounded Schneider's time. On all 651 occasions, Union Hospital rounded Schneider's time punches in Union Hospital's favor and to Schneider's detriment and paid Schneider for less time than she worked and reported on the time system. On **zero** occasions, Union Hospital rounded Schneider's time in Schneider's favor. For this period from July 6, 2012 to May 1, 2015, Union Hospital rounded and did not pay Schneider for at least 38.95 hours (2,337 minutes) of recorded work time. Schneider's hourly rate of pay during this period ranged from $18.02 to $18.75. Calculated at her lowest hourly rate, $18.02, Schneider would be owed wages of at least $701.88. Depending upon proof of overtime and the statute of limitations applied (2 or 3 year), Schneider's total damages, after liquidated damages are applied, could be $2,105.64 or more.

15. To provide a specific example of Union Hospital's illegal rounding of Breneman's time records, records from February 15, 2015 show unpaid time. Schneider clocked in at 5:55 and clocked out at 13:23. Her total elapsed time on the clock was 7 hours and 28 minutes. Her records show that Breneman was paid for 7.3 hours for the day, or 7 hours and 18 minutes. Breneman lost 10 minutes of paid work time. Her shift start time was rounded from 5:55 **up** to the one-tenth of an hour mark that favored Union Hospital, 6:00, and her shift end time was rounded from 13:23 **down** to the one-tenth of an hour mark that favored Union Hospital, 13:18.

16. During the period from July 6, 2012 through Breneman's last day of employment, Breneman worked 333 shifts. On 2 of those shifts, Breneman clocked both in and out on precise one-tenth of an hour marks and she was paid for her actual recorded work time. On the remaining 331 shifts, Union Hospital rounded Breneman's time. On all 331 occasions, Union Hospital rounded Breneman's time punches in Union Hospital's favor and to Breneman's detriment and paid Breneman for less time than she worked and reported on the time system. On **zero** occasions, Union Hospital rounded Breneman's time in Breneman's favor. For this period from July 6, 2012 to April 26, 2015, Union Hospital rounded and did not pay Schneider for at least 33.65 hours (2,019 minutes) of recorded work time. Breneman's hourly rate of pay during this period ranged from $11.90 to $12.38, and her average hourly rate was $12.15. Calculated at her average hourly rate, $12.15, Breneman would be owed wages of at least $408.85. Depending upon proof of overtime and the statute of limitations applied (2 or 3 year), Breneman's total damages, after liquidated damages are applied, could be $1,226.54 or more.

17. As an FLSA unpaid overtime example, during calendar year 2015, Schneider's

records show that she worked hours in excess of forty (40) and suffered unpaid wages due to rounding during at least the following work weeks (using first day of week and showing number of unpaid minutes due to rounding): 1/4/15 (18), 1/11/15 (17), 1/18/15 (5), 2/1/15 (9), 2/15/15 (10), 3/1/15(12), 4/19/15 (9), 4/26/15(10).  Schneider was not paid at least 1.5 hours (90 minutes) of earned and recorded overtime.  Her overtime rate of pay was at least $27.60.  For just that small period of time, Schneider's 2015 overtime damages would be at least $82.80 [1.5 hours x $27.60 x 2 (FLSA liquidated damages)].

18. Based upon information and belief, Plaintiffs conservatively estimate that Union Hospital applied its unlawful time card rounding, as described herein, to the time records of 1,500 or more hourly paid Union Hospital employees.  Plaintiffs estimate that Union Hospital has rounded its employees' time records in its own favor to such a degree that Union Hospital failed to pay its employees for tens of thousands of hours of work that were reported to Union Hospital in its time records during the period of time relevant to this lawsuit.  Plaintiffs estimate that Union Hospital will owe a class-wide, cumulative total of at least several million dollars in damages under the Indiana Wage Payment Statute based upon its systematic underpayment of wages caused by this illegal time rounding.

19. With respect to the collective action claims for unpaid overtime under the FLSA, based upon information and belief, Plaintiffs conservatively estimate that Union Hospital applied its unlawful time card rounding, as described herein, to the time records of its employees during weeks in which those employees also worked hours in excess of forty (40), causing unpaid overtime violations.  Schneider and many of her similarly situated Union Hospital coworkers worked in excess of forty (40) hours during one or more calendar week in which they also were

subjected to illegal time card rounding and not paid all of their overtime compensation. Plaintiffs will need discovery to determine the number of weeks that FLSA opt-in Plaintiffs worked overtime hours and were subjected to illegal time rounding to estimate monetary damages.

20. With respect to the collective action claims for unpaid minimum wages under the FLSA, based upon information and belief, Plaintiffs assert and allege that some of their similarly situated coworkers were paid at the minimum wage rate of $7.25 per hour or a rate of pay very close to $7.25 per hour. Those lower paid employees were subjected to the same time rounding scheme described herein. When these lower paid employees were subjected to time rounding that resulted in unpaid hours of work, those employees were paid at a rate that was less than the minimum wage required by the FLSA. Plaintiffs will need discovery to determine the number of weeks that FLSA opt-in Plaintiffs were subjected to illegal time rounding and paid at less than the FLSA-required minimum wage to estimate monetary damages.

21. Union Hospital has intentionally, knowingly, with reckless disregard and systematically violated its employees' rights to earned wages through Union Hospital's illegal time card rounding practices. Union Hospital has intentionally, knowingly, with reckless disregard and systematically violated Schneider, Breneman and all similarly situated employees' rights to be paid earned wages and to be paid earned overtime compensation and minimum wages. Union Hospital deliberately and intentionally implemented a time card rounding system in order to pay less in wages to its employees than it owed and less than was reported and earned by the employees.

22. In Schneider and Breneman's cases, as has been true in the cases of many current and former Union Hospital employees, Union Hospital has failed and refused to make a payment

of all accrued wages, particularly underpaid wages resulting from Union Hospital's illegal and non-neutral time record rounding policies, and more than 20 days have passed since the last date Union Hospital could have made payment of these wages without penalty under Indiana Law.

### III.  CLASS AND COLLECTIVE ACTION ALLEGATIONS

23. Schneider and Breneman incorporate herein by reference paragraphs 1 - 22 above.

24. This Complaint is brought as a collective action and as a class action on behalf of other current and former Union Hospital hourly-paid employees who were similarly denied payment of wages and overtime compensation under Union Hospital's compensation scheme that involved the manipulation of time records and the failure to pay wages for work at the beginning and the end of Union Hospital employees' shifts.

25. This action is filed as a collective action pursuant to Section 16(b) of the Fair Labor Standards Act, 29 USC § 216(b), on behalf of Schneider, Breneman and all Union Hospital current and former hourly-paid employees who were damaged by Union Hospital's compensation system which required and resulted in uncompensated work by Union Hospital's employees. By virtue of the "collective action," Schneider and Breneman represent the identical and/or similar interests of former and current hourly-paid coworkers denied wages and overtime compensation under the same circumstance. Schneider and Breneman anticipate that other Union Hospital employees and former employees will opt in to the action.

26. With respect to FRCP 23(b)(3) class action claims, Schneider and Breneman will serve as class representatives over the following two classes:

> Schneider and Breneman will serve as class representatives for the class-wide claims brought under the Indiana Wage Payment Statute. This Court has supplemental jurisdiction over Schneider and Breneman's Indiana statutory wage claims. This action is

      filed as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of Schneider, Breneman and on behalf of all eligible Union Hospital current and former hourly-paid employees (who voluntarily resigned) who were damaged by Union Hospital's compensation system which systematically rounded time records to Union Hospital's advantage and its employees' detriment and resulted in uncompensated work performed by the hourly-paid employees.  By virtue of the class action, Schneider and Breneman represent the identical and/or similar interests of former and current coworkers denied wages and overtime compensation under the same circumstances.

and

      Schneider and Breneman will serve as class representatives for the class-wide claims brought under the Indiana law for breach of contract.  This Court has supplemental jurisdiction over Schneider and Breneman's Indiana breach of contract claims.  This action is filed as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of Schneider, Breneman and on behalf of all eligible Union Hospital current and former hourly-paid employees who were damaged by Union Hospital's compensation system which systematically rounded time records to Union Hospital's advantage and its employees' detriment and resulted in uncompensated work performed by the hourly-paid employees.  By virtue of the class action, Schneider and Breneman represent the identical and/or similar interests of former and current coworkers denied wages and overtime compensation under the same circumstances.

      27.     The number of Union Hospital's current and former employees who will be members of this collective action/class action is so great (numerosity) that joinder of all members is impractical.  Instead, Schneider and Breneman will pursue discovery to obtain the names of the other current and former Union Hospital employees, to provide notice of the collective action, and to offer the opt-in opportunity, and to provide notice of the class action and to offer the opt-out opportunity.

      28.     Particularly with the types of wage claims and practices at issue in this case, there are questions of law and fact that are common to the entire collective group/class.

      29.     Schneider and Breneman's claims are typical of the claims of the whole collective group of current and former hourly-paid employees harmed by Union Hospital's illegal time

rounding and wage practices. Schneider and Breneman's claims are typical of the claims of the whole class of current and former Union Hospital hourly-paid employees harmed by Union Hospital's illegal time card rounding and corresponding wage practices.

30. Schneider and Breneman will act to fairly and adequately protect the interests of the entire collective group of current and former Union Hospital employees. Schneider and Breneman will act to fairly and adequately protect the interests of the entire class of current and former Union Hospital employees.

31. A "combined"[1] collective action/class action is superior to other available means for the fair and efficient prosecution of these wage claims against Union Hospital. For example, to prove Union Hospital's illegal wage practices, Schneider, Breneman and other members of this collective group/class would seek in discovery records about all similarly situated current and former Union Hospital employees who were similarly denied earned wages and overtime compensation under Union Hospital's illegal and non-neutral time record rounding practices, all of which harmed hourly-paid employees. Individual lawsuits by the members of the collective group/class could lead to 1) inconsistent or varying outcomes in the cases, 2) duplicitous discovery, or 3) competition for limited funds. Further, as a practical matter, the first litigant to trial may achieve a result which would have bearing on all of the other individuals in the group.

32. A determination regarding the "similarness" of those able to participate in the collective action/class action would also allow litigation of claims that may not otherwise be cost effective, depending upon the amount of each individual group member's damages. Particularly with the type of FLSA and Indiana statutory and contractual wage violations at issue in this

---

[1] See *Ervin v. OS Restaurant Services, Inc.*, 632 F.3d 971, 973-974 (7th Cir. 2011)

litigation, some, if not most, of the individual group members may not be aware of their rights to their wages under the FLSA and Indiana law, or may not, because of financial means or experience, be in a position to seek the assistance of counsel to commence individual litigation.

33. A combined collective action/class action will result in an orderly and expeditious administration of the group members' claims, and economies of time, court resources, effort and expense, and uniformity of decisions will be assured.

34. Because Union Hospital's compensation system which required and resulted in uncompensated work by hourly-paid employees results in wage violations that trigger issues of both federal and state law, this cause of action presents the ideal factual scenario supporting the Court's exercise over the supplemental state law claims, as common state and federal law issues predominate.

### IV.  JURISDICTION AND VENUE

35. This Court has jurisdiction over Schneider and Breneman's FLSA claims under 28 USC § 1331 as those FLSA claims raise a question of federal law.  See 29 USC § 201 et seq. The Court has supplemental jurisdiction over Schneider and Breneman's Indiana law claims, which have a common basis in fact with their own and the other Plaintiff class members' FLSA claims.

36. This Court is the appropriate venue for this cause of action as Schneider and Breneman worked for Union Hospital at its Terre Haute, Vigo County, Indiana location and most of the illegal activity took place in the Southern District of Indiana.  28 USC § 1367.

### V.  STATEMENT OF CLAIMS

#### A.  Fair Labor Standards Act Claims

37. Schneider and Breneman incorporate herein by reference paragraphs 1 through 36 above.

38. Union Hospital is an "enterprise" and/or a "public agency" as those terms are defined by the FLSA, and Union Hospital is covered by the overtime and minimum wage provisions of the FLSA. Union Hospital is an "employer," as that term is defined by the FLSA. Finally, Union Hospital is a "person" as that term is defined by the FLSA.

39. Union Hospital has violated Schneider and Breneman's rights and the rights of all members of the Plaintiff Class to be properly paid minimum wages and overtime wages in a manner required by the FLSA. Union Hospital has committed both minimum wage and overtime violations by failing to pay Schneider, Breneman and their similarly situated coworkers for all hours of work, particularly as Union Hospital has underpaid wages based upon its illegal and non-neutral time record rounding scheme.

40. Union Hospital has repeatedly violated the FLSA's overtime provisions by not paying Schneider, Breneman and members of the Plaintiff Class at the required overtime compensation rate for all hours worked over 40 in a work week.

41. Union Hospital has repeatedly violated the FLSA's minimum wage provisions by not paying Schneider, Breneman and members of the Plaintiff Class for all compensable work time and at the required minimum wage rate.

42. Union Hospital's failure to comply with the FLSA's provisions regarding minimum wages and overtime compensation is willful and without justification, and subjects Union Hospital to a three year statute of limitations.

43. Schneider, Breneman and the Plaintiff Class seek all available damages, including

unpaid wages, unpaid minimum wages, unpaid overtime compensation, liquidated damages, payment of reasonable attorney's fees, costs and expenses, and any and all other damages to which they may be entitled for Union Hospital's violations of their rights under the Fair Labor Standards Act.

### B. Indiana Wage Payment Statute Claims

44. Schneider and Breneman incorporate herein by reference paragraphs 1 through 36 above.

45. Schneider and Breneman have statutory wage claim arising under the Indiana Wage Payment Statute, I.C. 22-2-5 and they are the Plaintiffs who represent the same or similar interests of all current Union Hospital hourly-paid employees and all of Union Hospital's former hourly-paid employees who voluntarily resigned from employment.

46. By way of this Claim, Schneider and Breneman are seeking, individually and on behalf of members of the Plaintiff Class of current and former Union Hospital employees, all available damages, including all unpaid wages, all underpaid wages, all available liquidated (treble damages), all attorney's fees, costs and expenses, plus any other damage to which Schneider, Breneman and their fellow Plaintiff Class members may be entitled pursuant to law. Pursuant to I.C. 22-2-5-2, Schneider and Breneman are seeking, individually and on behalf of members of the Plaintiff Class, payment of unpaid wages, underpaid wages, plus all available damages, including, but not limited to, double the amount of wages due as an additional monetary damage, plus all attorney's fees, costs and expenses.

### C. Indiana Breach of Contract Claims

47. Schneider and Breneman incorporate herein by reference paragraphs 1 through 28

above.

48. With respect to Schneider, Breneman and every Union Hospital current and former employee (including current employees, former employees who voluntarily resigned, and former employees who were involuntarily terminated), Union Hospital breached its contractual promise to pay employees their wages when Union Hospital rounded time records in a self-serving, non-neutral manner and failed to pay employees wages for all hours worked. Those failures to pay wages in full, committed against Schneider, Breneman and all class members constitute class-wide breaches of contracts. Schneider and Breneman can serve as class representative for every current and former hourly-paid employee (including those who were involuntarily terminated from employment and cannot participate in the class based upon Indiana Wage Payment Statute claims) who have, at least, a claim for breach of contract based upon underpaid wages.

49. Union Hospital has breached its contract with Schneider, Breneman and everyo one of its hourly paid employees and former employees by failing to pay his wages in full (underpaying wages due to illegal and non-neutral rounding practices).

50. With the breach of contract claim, Scheider and Breneman seek all available damages for themselves and all members of the class.

### *VI. PRAYER FOR RELIEF*

WHEREFORE, Schneider and Breneman respectfully request that the Court enter judgment against Union Hospital, Inc., and issue all available relief to them and to all eligible members of the Plaintiff Class, including, but not limited to, the following:

1. All damages available under the FLSA, including all unpaid minimum wages, all

      unpaid overtime wages, all liquidated damages, and payment of all reasonable attorney's fees, costs and expenses;

2. All unpaid, underpaid and illegally deducted wages;

3. All statutory damages under I.C. 22-2-5-2, including, but not limited to, all treble damages, costs, and statutorily authorized damages;

4. All compensatory and contractual damages available based upon Union Hospital's breach of contract;

5. All reasonable attorney's fees and expenses;

6. Costs;

7. Prejudgment interest, if available; and

8. Any and all other relief just and proper in the premises.

      Respectfully submitted,

      HUNT, HASSLER, KONDRAS & MILLER LLP


      By/s/Robert P. Kondras, Jr.
      Robert P. Kondras, Jr.
      Attorney No. 18038-84
      100 Cherry Street
      Terre Haute, IN 47807
      (812) 232-9691
      Facsimile: (812) 234-2881
      kondras@huntlawfirm.net


### CERTIFICATE OF SERVICE

I certify that a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Stephen W. Lyman
Dana E. Stutzman
Nicholas S. Johnston
HALL, RENDER, KILLIAN, HEATH & LYMAN, P.C.
Suite 2000, Box 82064
One American Square
Indianapolis, IN 46282

                                      Respectfully submitted,

                                      HUNT, HASSLER, KONDRAS & MILLER LLP


                                      s/Robert P. Kondras, Jr.
                                      Robert P. Kondras, Jr.