**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**TERRE HAUTE DIVISION**

| | | |
|---|---|---|
| AMY L. SCHNEIDER and | ) | |
| JANET E. BRENEMAN, individually | ) | |
| and on behalf of others similarly situated, | ) | **CLASS ACTION COMPLAINT** |
| | ) | |
| Plaintiffs | ) | **FLSA COLLECTIVE ACTION** |
| | ) | **COMPLAINT UNDER** |
| | ) | **29 USC § 216(b)** |
| | ) | |
| vs. | ) | CASE NO. 2:15-cv-00204-JMS-DKL |
| | ) | |
| UNION HOSPITAL, INC. | ) | |
| | ) | |
| Defendant | ) | |
| | | |
| SARAH J. GERACI, individually | ) | |
| and on behalf of others similarly situated, | ) | |
| | ) | **CLASS ACTION COMPLAINT** |
| Plaintiff | ) | |
| | ) | **FLSA COLLECTIVE ACTION** |
| | ) | **COMPLAINT UNDER** |
| | ) | **29 USC § 216(b)** |
| | ) | |
| vs. | ) | CASE NO. 2:16-cv-00207-JMS-DKL |
| | ) | |
| UNION HOSPITAL, INC., | ) | |
| | ) | |
| Defendant | ) | |

**ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT,**
**SETTLEMENT NOTICES AND SETTING SCHEDULE**

Upon consideration and review of: (1) the Class Action and FLSA Collective Action

Settlement Agreement and Release dated November 22, 2016 ("Class Action Settlement

Agreement"), by and among Plaintiffs Amy L. Schneider, Janet E. Breneman and Sarah J. Geraci

(collectively, "Plaintiffs), individually and as proposed representatives of the proposed

"Settlement Classes" defined below, on the one hand, and Defendant Union Hospital, Inc.

("Defendant Union Hospital"), on the other hand; (2) the Exhibits to the Class Action and FLSA

Collective Action Settlement Agreement; (3) the submissions of the parties in support of preliminary approval of the Class Action and FLSA Collective Action Settlement Agreement, the Court, upon due consideration, now finds that the proposed Class Action and FLSA Collective Action Settlement Agreement should be preliminarily approved pending notice to members of the Settlement Classes and a final hearing on whether the Class Action and FLSA Collective Action Settlement Agreement is fair, reasonable, and adequate.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1.      Any terms not defined herein shall have the meanings set forth in the Class Action and FLSA Collective Action Settlement Agreement.

2.      The Court preliminarily approves the Class Action and FLSA Collective Action Settlement Agreement as within the range of possible approval by this Court, and as fair, reasonable, and adequate to the Settlement Class under the circumstances of this case.  Such preliminary approval is without prejudice to the Court's final decision on the parties' motion to approve the Class Action and FLSA Collective Action Settlement Agreement after notice and hearing.

3.      For the sole purpose of administering the proposed settlement reflected in the Class Action portion of the Settlement Agreement, pursuant to Federal Rule of Civil Procedure 23, the Court certifies the Rule 23(b)(3) Settlement Class, which is defined as follows:

> Present hourly paid Union Hospital employees and former hourly paid Union Hospital employees who voluntarily terminated their employment, who worked at any time from July 6, 2013 through October 24, 2015 and who, as shown by Union Hospital's time and pay roll records, were not timely paid regular wages on one or more occasion for time worked due to Union Hospital's non-neutral time rounding.

Excluded from the Rule 23 Settlement Class are any persons who timely opt-out of the Settlement Class.  The Court further appoints, again for the sole purpose of administering the

proposed settlement reflected in the Class Action Settlement Agreement, Plaintiffs Amy L. Schneider, Janet E. Breneman and Sarah J. Geraci as class representatives and the following counsel as Class Counsel:

Robert P. Kondras, Jr.
Attorney No. (#18038-84)
Hunt, Hassler, Kondras & Miller, LLP
100 Cherry Street
Terre Haute, IN 47807
(812) 232-9691
kondras@huntlawfirm.com

4.      For the sole purpose of administering the proposed settlement reflected in the FLSA Collective Action portion of the Settlement Agreement, pursuant to 29 USC § 216(b), the Court certifies the FLSA Collective Action Settlement Class, which is defined as follows:

> Former hourly paid Union Hospital employees who were involuntarily terminated from employment who worked at any time from July 6, 2013 through October 24, 2015 and who, as shown by Union Hospital's time and pay roll records, were not timely paid overtime wages on one or more occasion for time worked due to Union Hospital's non-neutral time rounding.

The FLSA Collective Action Settlement Class shall only include those individuals who timely file written notice of their desire to participate in the settlement.  The Court further appoints, again for the sole purpose of administering the proposed settlement reflected in the FLSA Collective Action Settlement Agreement, Plaintiffs Amy L. Schneider and Sarah J. Geraci as class representatives and the following counsel as FLSA Class Counsel:

Robert P. Kondras, Jr.
Attorney No. (#18038-84)
Hunt, Hassler, Kondras & Miller, LLP
100 Cherry Street
Terre Haute, IN 47807
(812) 232-9691
kondras@huntlawfirm.com

5.     The proposed Notice of Class Action Settlement and Hearing and the proposed Notice of FLSA Collective Action Settlement in the form attached to the Class Action and FLSA Collective Action Settlement Agreements as Exhibit 3 and Exhibit 4 and the manner of mailing and distribution of such notices, as set forth in Paragraph 6 of the Class Action and FLSA Collective Action Settlement Agreement, are hereby approved by this Court as the best notice practicable to all members of the Settlement Classes who can be identified through reasonable effort, subject to the method of filing objections.  The form and manner of notice comply with Federal Rule of Civil Procedure 23(c)(2), Federal Rule of Civil Procedure 23(e)(1) and the requirements of due process.

Additionally, the Court orders that the Rule 23 Notice of Class Action Settlement and Hearing shall be mailed to the 2,451 eligible Rule 23 class members, consisting of current Union Hospital employees and those who voluntarily resigned from employment.  The Notice of FLSA Collective Action Settlement and Claim Form shall be mailed to the 300 potential opt-in participants, consisting of those former Union Hospital employees who worked at any time between July 6, 2013 and October 24, 2015 and who were involuntarily terminated from employment.

6.     Pursuant to Federal Rule of Civil Procedure 23(e)(2), a final fairness hearing ("Final Approval Hearing") shall be held before the undersigned on May 8, 2017 at 12:30 p.m. at the U.S. Courthouse, 921 Ohio Street, Terre Haute, Indiana 47807, for the purpose of considering the fairness, reasonableness, and adequacy of the Class Action Settlement Agreement, and whether it should be finally approved, including the dismissal of all claims in this action against all Defendants with prejudice and without costs, and for the purpose of considering Class Counsel's application for an award of attorneys' fees, costs, and expenses.

Because the FLSA Collective Action Settlement is tied to the Rule 23 Class Action Settlement, the final fairness hearing shall be used to give final consideration to the fairness of the FLSA Collective Action and no funds shall be calculated or distributed to FLSA opt-in plaintiffs until after such time as the Court conducts the final fairness hearing and issues its Final Order.

7.     Members of the Rule 23 Settlement Class shall be afforded an opportunity to request exclusion from the Settlement Class.  Those members of the Settlement Class who submit a valid request for exclusion from the Settlement Class in accordance with the terms of the Class Action Settlement Agreement no later than sixty (60) calendar days after the actual date that Notice is mailed (expected to be on or by February 1, 2017) shall not be bound by the Class Action Settlement Agreement.  Members of the Settlement Class who do not validly opt out of the Settlement Class shall be bound by all determinations and judgments in the action, whether favorable or unfavorable.

Members of the FLSA Collective Action Settlement Class shall be mailed Notice and a Claim Form.  In order to timely opt-in and participate in the FLSA Collective Action Settlement, a participating FLSA Class Member must timely file a Claim Form no later than sixty (60) calendar days after the actual date that Notice is mailed (expected to be on or by February 1, 2017)**.**

8.     Rule 23 Settlement Class members who have not excluded themselves shall be afforded an opportunity to object to the terms of the Class Action Settlement Agreement.  Any objection must: (i) be made in writing; (ii) contain the full name and current address of the person making the objection; (iii) contain the title of the lawsuit, "*Amy L. Schneider et al v. Union Hospital, Inc.*"; (iv) state the reasons for the objection; (v) be accompanied by any evidence, briefs, motions, or other materials the objector intends to offer in support of the

objection; (vi) be signed by the objector; and (vii) be sent by U.S. Mail, first class and postage prepaid, with a postmark no later than sixty (60) calendar days after the actual date that Notice is mailed (expected to be on or by February 1, 2017), to the Court.  Any member of the Rule 23 Settlement Class who does not timely object in the manner provided in this Order shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Class Action Settlement Agreement, including, without limitation, any award of attorneys' fees and costs to Class Counsel.

9.      Any request for intervention in this action for purposes of commenting on or objecting to the Class Action Settlement Agreement must meet the requirements set forth above for filing objections, must be accompanied by any evidence, briefs, motion or other material the proposed intervenor intends to offer in support of the request for intervention, and must meet the requirements of the Federal Rules of Civil Procedure.

10.     Any lawyer intending to appear at the Final Approval Hearing must be authorized to represent a Settlement Class member, must be duly admitted to practice law in the State of Indiana, and must file a written appearance no later than seventy-five (75) calendar days after the date of this Order.  Copies of the appearance must be served on Class Counsel and counsel for Defendants in accordance with the Federal Rules of Civil Procedure.

11.     Class Counsel shall file a Notice of Class Action Opt-Outs, listing the names of all persons or entities who submitted an Opt-Out Request, no sooner than seventy-five (75) calendar days from the date of this Order and no fewer than five (5) calendar days prior to the Final Approval Hearing.  Class Counsel must also compile and file a Notice of FLSA Collective Action Opt-In Plaintiffs on a date no fewer than five (5) calendar days prior to the Final Approval Hearing.

12. On or before March 15, 2017, Class Counsel shall file a Motion for Approval of the Attorneys' Fees, Costs and Expenses (along with any supporting materials) to be paid from the Qualified Settlement Fund, as contemplated by the terms of the Class Action Settlement Agreement.

13. No fewer than five (5) calendar days prior to the Final Approval Hearing, any party may file a response to any objection or motion to intervene filed by a Settlement Class member.

14. If Final Approval of the Class Action Settlement Agreement is not achieved, or if the Class Action and FLSA Collective Action Settlement Agreement is terminated for any reason whatsoever, all proceedings in connection therewith shall be without prejudice to the status quo ante rights of the parties in this action, and all Orders issued pursuant to the Class Action and FLSA Collective Action Settlement Agreement shall be vacated.

15. The Court may adjourn the date and/or time of the Final Approval Hearing without further notice to the members of the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Class Action Settlement Agreement.

SO ORDERED this 13th date of January, 2017.

_Jane Magnus-Stinson_
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Copies to counsel of
record electronically
registered.