## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## TERRE HAUTE DIVISION

| | | |
|---|---|---|
| AMY L. SCHNEIDER and<br>JANET E. BRENEMAN, individually<br>and on behalf of others similarly situated, | )<br>)<br>)<br>) | **CLASS ACTION COMPLAINT** |
| Plaintiffs, | )<br>)<br>)<br>) | **FLSA COLLECTIVE ACTION<br>COMPLAINT UNDER<br>29 USC § 216(b)** |
| vs. | )<br>) | CASE NO. 2:15-cv-00204-JMS-DKL |
| UNION HOSPITAL, INC. | )<br>)<br>) | |
| Defendant. | )<br>) | |
| SARAH J. GERACI, individually<br>and on behalf of others similarly situated, | )<br>)<br>) | **CLASS ACTION COMPLAINT** |
| Plaintiff, | )<br>)<br>) | **FLSA COLLECTIVE ACTION<br>COMPLAINT UNDER<br>29 USC § 216(b)** |
| vs. | )<br>) | CASE NO. 2:16-cv-00207-JMS-DKL |
| UNION HOSPITAL, INC., | )<br>)<br>) | |
| Defendant. | ) | |

### *AFFIDAVIT OF ROBERT P. KONDRAS, JR.*

Comes now Robert P. Kondras, Jr. (hereinafter "Affiant"), who being duly sworn upon his oath and under the penalties for perjury, deposes and says the following:

1.      That Affiant is a competent adult over the age of eighteen (18) and that Affiant bases this Affidavit upon his personal knowledge.  That Affiant was appointed to serve as Class Counsel in this action pursuant to FRCP 23(g) on October 14, 2016. [Filing No. 102.]

2.      That in this Affidavit, Affiant will provide the information necessary to evaluate a lodestar-based claim for attorney's fees described in *Hensley v. Eckhart*, 461 U.S. 424, 103 S.Ct. 1933 (1983).

1

3.     That since July 1, 1997, Affiant has been a partner with the law firm of Hunt, Hassler, Kondras & Miller LLP (formerly "Hunt, Hassler, Lorenz & Kondras LLP" and "Hunt, Hassler & Lorenz LLP"), 100 Cherry Street, Terre Haute, Indiana. Prior to that time, Affiant was an associate with the law firm of Hunt, Hassler & Lorenz LLP from August 1, 1994 to June 30, 1997.

4.     That Affiant was admitted to practice law in the State of Indiana and before the United States District Courts for the Southern and Northern Districts of Indiana on October 31, 1994. Affiant is also admitted to practice before the U.S. Court of Appeals for the Seventh Circuit, the United States District Courts for the Southern and Cental Districts of Illinois, the United States District Court for the Eastern District of Missouri and the United States District Court of North Dakota.

5.     That Affiant's current billing rate for any employment-related legal matter, whether contingent or on a non-contingent basis, is Four Hundred Dollars ($400.00) per hour. Affiant has billed at this rate of Four Hundred Dollars ($400.00) per hour since January 1, 2017. Prior to that time, Affiant billed at the rate of Three Hundred Fifty Dollars ($350.00) per hour from January 1, 2015 through December 31, 2016. Affiant was awarded his attorney's fees at the rate of Three Hundred Dollars ($350.00) per hour in several contested proceedings. For example, Affiant was awarded his attorney's fees at his requested rate of Three Hundred Fifty Dollars ($350.00) per hour in the case of *Furgason et al v. Furrer et al.*, Case No. 1:12-cv-00738-MJD-RLY in the U.S. District Court for the Southern District of Indiana. (Docket Entry 113, pp. 3-4). This is the first time Affiant has requested that his fees be approved at the rate of Four Hundred Dollars ($400.00) per hour.

6.     That Affiant is experienced and specializes in the field of employment law. Affiant has previously been appointed class counsel in a significant number of similar wage and hour actions.

2

7.      Most recently, Affiant was appointed class counsel in this wage and hour class and collective action litigation. [Filing No. 102.] Prior to that time, Affiant was appointed class counsel in wage and hour litigation titled *Brian A. Weil and Melissa D. Fulk v. Metal Technologies, Inc.*, Case No. 2:15-cv-00016-JMS-DKL.  See *Weil v. Metal Technologies, Inc.*, 2016 WL 286396  (S.D. Ind. Jan. 25, 2016).  The issue of class certification was actually litigated in both cases.  Other of my cases involving the actual litigation of the class certification question include *Renee Hawkins v. Alorica, Inc.*, Case No. 2:11-cv-283-JMS-WGH.  See *Hawkins v. Alorica, Inc.*, 287 F.R.D. 431 (S.D. Ind. 2012); *Cheri L. Cooper v. Bridges of Indiana, Inc.*, Cause No. 84D06-0905-CT-4874 and *Melvin N. Pridemore et al v. Jiffy Mini-Marts, Inc.*, Cause No. 84D02-0901-CT-791.  Affiant has served as lead Class Counsel in a number of other successful class and FLSA collective action wage claims, including: *Joshua D. Jones v. C&D Technologies, Inc.*, Case No. 1:11-cv-1431-JMS-DKL (collective action settled for $1,390,000.00 after Plaintiffs were granted summary judgment on liability issue); *Laura E. Hawkins v. Onsite Occupational Health & Safety, Inc.*, Case No. 3:14-cv-00091-RLY-MPB (combined class and collective action); *Douglas Haggerty et al. v. MPW Industrial Services, Inc.*, Case No. 1:15-cv-00955-JMS-MJD (combined class and collective action); *Loretta Neal v. HOP Technologies,* Inc., Case No. 2:13-cv-00317-WTL-WGH (collective action); *Patrick W. Foster v. Advics Manufacturing Indiana, LLC*, Case No. 2:12-cv-262-JMS-WGH (combined class and collective action); *Loretta Neal v. HOP Technologies, Inc.*, Case No. 2:13-cv-317-WTL-WGH (collective action); *Cheri L. Cooper v. SEE USA, LLC*, Cause No. 2:08-cv-00272 RLY-WGH (combined class and collective action), *Melissa D. Ball v. United GT Corporation*, Cause No. 2:08-cv-253-WTL-WGH (collective action), *McCarter v. Quickpik, Inc.*, Case No. 2:07-cv-327 RLY-WGH (class action), *Thomas v. Mosaic, Inc.*, in the Vigo Superior Court, Division 3, Cause No. 84D03-0810-PL-11418 (class action), *David L. Archer v. Poch Staffing, Inc. d/b/a Trillium Staffing and Trillium Environmental*, Case No. 2:11-cv-0085-WTL-WGH (class action)*, Holly Nassiri et al v. Southern Partners, LLC* et al, Case No. 2:11-cv-0110-WTL-WGH (class action),

*Brandy Moss et al v. Putnam County Hospital*, Case No. 2:10-cv-00028-JMS-WGH (collective action), and *Melissa A. Tusing v. Mid-West Oil Co., Inc.*, Cause No.: 2:09-cv-316 LJM WGH (collective action).

   8.     Attached hereto as Exhibit A is a true and accurate copy of Affiant's original Contingent Fee Agreement with Plaintiff Amy L. Schneider.  Attached hereto as Exhibit B is a true and accurate copy of Affiant's original Contingent Fee Agreement with Plaintiff Janet E. Breneman.  Attached hereto as Exhibit C is a true and accurate copy of Affiant's original Contingent Fee Agreement with Plaintiff Sarah J. Geraci.  Each Contingent Fee Agreement contains the following language:

> "2. ***Attorneys' Fees.***
>
> (a)     The Attorney and Client agree that the work performed by the Attorney in this matter  shall be recorded and itemized on an hourly basis and that Attorney shall perform work at Attorney's current market rate, which shall at least be the rate of Three Hundred Fifty Dollars ($350.00) per hour.  The Attorney shall diligently pursue the award and recovery of attorneys' fees, costs and expenses, if allowed by statute or by case law.
>
> Attorney's fee in this matter shall be the greater of the attorney's hourly fee claim, whether by settlement or awarded by the Court, or one-third (1/3rd) of the overall net recovery after the trial or through settlement, however, if the case is tried and an appeal is initiated by the filing of a praecipe or a notice of appeal, the Client agrees to pay to the Attorney forty percent (40%) of the "overall net recovery." In any case, however, any attorneys' fees awarded shall belong to Attorneys. Any judicial determination of attorneys' fees shall not be binding as between the Client and Attorney, and this agreement shall control solely as to fees out of the net recovery due from Client to Attorney."

As described above, Affiant's "current market rate" is presently Four Hundred Dollars ($400.00) per hour.

   9.     In this litigation, as part of the parties' class and collective action settlement, Affiant is seeking payment of his attorney's fees as Class Counsel based upon one-third (1/3rd) of the "overall net recovery" obtained through "settlement." This is consistent with the language of Affiant's contingent fee agreements with each of his lead plaintiffs.  Affiant is not requesting his fees based upon a "lodestar" method calculated based upon his itemized bill and hourly billing rate.

10.     Affiant is, however, presenting his hourly, itemized bill in a lodestar format as a cross-check [see, e.g., *Beckman v. KeyBank N.A.*, 293 F.R.D. 467, 481-82 (S.D.N.Y. 2013)] against his request for Class Counsel fees that are equivalent to one-third of the overall net recovery obtained in this settlement.

11.     In his role as Class Counsel, Affiant requests his attorneys' fee in the amount of Eight Hundred Twenty-One Thousand Three Hundred Fourteen Dollars and Thirty-Eight Cents ($821,314.38), which is one-third of the Net Settlement Amount, Two Million Four Hundred Sixty-Three Thousand Nine Hundred Forty-Three Dollars and Fourteen Cents ($2,463,943.14). [See Filing No. 115-8.] The Eight Hundred Twenty-One Thousand Three Hundred Fourteen Dollars and Thirty-Eight Cents ($821,314.38) requested fee is actually 32.85% of the total Two Million Five Hundred Thousand Dollar ($2,500,000.00) settlement, as it allows for reimbursement of case expenses and costs totaling Thirty-Six Thousand Fifty-Six Dollars and Eighty-Six Cents ($36,056.86). [See Filing No. 115-8.]

12.     For purposes of evaluating the reasonableness of Class Counsel's requested attorney fee amount, and to serve as a cross check, Affiant attaches as Exhibit D his itemized bill for services in the class and collective action led by Amy L. Schneider and Janet E. Breneman, and attaches as Exhibit E his itemized bill for services in the class and collective action led by Sarah J. Geraci.  Combining those two bills, if Affiant had requested payment of fees in both cases based upon his itemized, hourly bill, Affiant would have requested the following fees for work performed through March 13, 2017:

| | | |
|---|---|---|
| Robert P. Kondras, Jr.<br>(Fees in Schneider/<br>Breneman Case) | 666.00 hours @ $400/hr. | $ 266,400.00 |
| Robert P. Kondras, Jr.<br>(Fees in Geraci Case) | 55.05 hours @ $400/hr. | $  22,020.00 |
| Robert F. Hunt<br>(Fees in Schneider/<br>Breneman Case) | 107.50 hours @ $400/hr. | $  43,000.00 |
| Robert F. Hunt | 2.90 hours @ $400/hr. | $   1,160.00 |

5

(Fees in Geraci Case)

| | | | |
|---|---|---|---|
| Amanda L. Sanders (Fees in Schneider/ Breneman Case) | 96.20 hours @ $400/hr. | $ | 13,468.00 |
| Amanda L. Sanders (Fees in Geraci Case) | 3.75 hours @ $400/hr. | $ | 525.00 |
| Expenses in Schneider/Breneman Case | | $ | 36,078.86 |
| Expenses in Geraci Case | | $ | 1,387.50 |
| **TOTAL ATTORNEY'S FEES AND EXPENSES** | | | **$ 384,039.36** |

Through March 13, 2017, Affiant's law firm's bill for fees on an hourly basis would be at least $346,573.00, with an additional $37,466.36 in expenses and costs advanced in the case. Affiant would estimate that his overall bill, upon conclusion of the Final Fairness Hearing and administration of the class will be slightly greater than $400,000.00 if calculated on an hourly fee basis at Affiant's current hourly billing rate.

13.      Robert F. Hunt is the senior partner in Affiant's law firm. Mr. Hunt has been practicing law since the Summer of 1973. Mr. Hunt has practiced law twenty-one years more than Affiant and he is very skilled and experienced. If fees in this case were based upon hourly rates, Mr. Hunt would request that his fees be paid at least at the Four Hundred Dollar ($400.00) rate requested by Affiant.

14.      Amanda L. Sanders has worked as Affiant's Paralegal since January 1, 2015. Ms. Sanders obtained her B.A. in Paralegal Studies from St. Mary of the Woods College in May 2012. She has worked for law firms since 2008. That Ms. Sanders' current billing rate for any employment-related legal matter, whether contingent or on a non-contingent basis, is One Hundred Forty Dollars ($140.00) per hour.

15.      Affiant, in his routine and ordinary practice of billing, makes handwritten diary entries on time sheets which are then entered into a computer legal billing system called PC Law.

Said diary entries describe the services performed for the Plaintiff Class on each date and the amount of time spent by Affiant for each service.

16.     Attorney Philip J. Gibbons, Jr. graciously provided a supporting declaration.  Mr. Gibbons has a wage and hour practice very similar to Affiant's practice and Mr. Gibbons has practiced law in the State of Indiana for approximately the same number of years as Affiant.  Mr. Gibbons currently bills at the rate of Four Hundred Fifteen Dollars ($415.00) per hour.  See also "Plaintiff's Brief in Support of Motion for Attorney's Fees and Costs" in *Daniel L. Brown v. Presstime Graphics, Inc.*, Case No. 2:13-cv-425-WTL-DKL [Filing No. 138.].

17.     Through the date of this Affidavit, no class member has filed or made any objection based upon Affiant's requested fee.


Further, Affiant saith not.

```
AMANDA L. SANDERS
Notary Public
State of Indiana
Vigo County
Commission
# 611249
```

Robert P. Kondras, Jr

STATE OF INDIANA          )
                          )SS:
COUNTY OF VIGO            )

Subscribed and sworn to before me, a Notary Public, in and for said County and State, this 15ᵗʰ day of March, 2017, personally appeared Robert P. Kondras, Jr., who stated that the above representations are true and correct to the best of his knowledge.

Witness my hand and seal.

Notary Public

Amanda L. Sanders
Printed Name

My Commission Expires:

9/20/2017

My County of Residence:

Vigo