## CONTINGENT FEE CONTRACT

AGREEMENT entered on this 6th day of July, Janet E. Breneman, referred to as the "Client," and Hunt, Hassler, Kondras & Miller LLP, referred to as the "Attorney."

In consideration of the mutual promises contained in this agreement, the parties agree as follows:

1. ***Purpose of Representation.*** The Client retains and employs the Attorney to prosecute and recover against her former employers/joint employers, Union Hospital, Inc. and Sound Inpatient Physicians, Inc., as well as any other necessary party, her claims for damages and compensation, of any type whatsoever, to which the Client may be entitled as the result of violations of her legal and statutory rights, including all violations of Title VII of the Civil Rights Act of 1964, the Fair Labor Standards Act, and the Indiana Wage Claims Act.

2. ***Attorneys' Fees.***

(a)     The Attorney and Client agree that the work performed by the Attorney in this matter  shall be recorded and itemized on an hourly basis and that Attorney shall perform work at Attorney's current market rate, which shall at least be the rate of Three Hundred Fifty Dollars ($350.00) per hour.  The Attorney shall diligently pursue the award and recovery of attorneys' fees, costs and expenses, if allowed by statute or by case law.

Attorney's fee in this matter shall be the greater of the attorney's hourly fee claim, whether by settlement or awarded by the Court, or one-third (1/3rd) of the overall net recovery after the trial or through settlement, however, if the case is tried and an appeal is initiated by the filing of a praecipe or a notice of appeal, the Client agrees to pay to the Attorney forty percent (40%) of the "overall net recovery."  In any case,

1

however, any attorneys' fees awarded shall belong to Attorneys. Any judicial determination of attorneys' fees shall not be binding as between the Client and Attorney, and this agreement shall control solely as to fees out of the net recovery due from Client to Attorney .

(b) *Definition of "Overall Net Recovery."* In the event that Attorney's fee is based upon the "overall net recovery," the term "overall net recovery" shall mean the amount of settlement or judgment, plus any attorney's fee award obtained after deduction of reimbursable expenses as defined in Paragraph 5 hereof.

(c) Nothing herein shall, however, place an obligation upon Attorney to initiate an appeal.

(d) *Examples*. Attached to this Contingent Fee Contract as "Exhibit A" are notes in which Attorney explained to Client possible settlement and judgment scenarios in which the terms of this Contingent Fee contract are applied.

(e) Client shall not be required under the terms of this Contingent Fee Contract to be personally responsible for Attorney's fees in the event prosecution of this cause is not successful.

3. **Approval Necessary for Settlement.** No settlement of any nature shall be made for any of the claims of the Client without the complete approval of the Client, and all offers of settlement shall be communicated to the Client.

4. **Association of Other Attorneys.** The Attorney may, at the expense of the Attorney, and with the consent of the Client, associate any other attorney in the representation of the claims of the Client.

5. **Expenses.** The expenses of litigation, including court costs, expenses of investigation, expenses of medical examinations, costs of obtaining and presenting

2

evidence -- including depositions and travel costs -- are to be borne by the Client and advanced by the Client. The costs, however, may be advanced by the Attorney, in which case the expenses shall be deducted by the Attorney prior to receiving the Attorney's percentage of the remaining balance as set forth in Paragraph 2 above.

6. **Cooperation of Client.** The Client shall appear on reasonable notice at any and all depositions and court appearances, and shall comply with all reasonable requests of the Attorney in connection with the preparation and presentation of the claim and cause of action of the Client.

7. **Parties Bound.** This Agreement shall be binding on and inure to the benefit of the parties and their respective heirs, executors, administrators, legal representatives, successors and assigns.

8. **Tax Consequences.** The Client shall be responsible for her own tax consequences related to a successful recovery in this action, including, if applicable, consequences under the federal alternative minimum tax related to a recovery of attorney's fees, costs and expenses.

9. **Review.** The parties agree that they shall review the status of this action in six (6) months time in order to determine whether Client's action should proceed forward. In the event Attorneys advise Client that Attorneys do not believe they can effectively pursue the case any longer on Client's behalf, for any reason, including, but not limited to, chances of success at trial or attorney time involved, Attorneys may terminate this Agreement in writing and provide Client with all pleadings, information and materials necessary for him to pursue litigation.

10. **Legal Construction.** In case any one or more of the provisions contained in this Agreement shall for any reason be held to be invalid, illegal or unenforceable in

any respect, the invalidity, illegality, or unenforceability shall not affect any other provision of this Agreement and this Agreement shall be construed as if the invalid, illegal, or unenforceable provisions had never been contained in it.

Executed on the day and year first written above.

*/s/ Janet E Breneman*
Janet E. Breneman
"CLIENT"

HUNT, HASSLER, LORENZ & KONDRAS LLP

By */s/ Robert P. Kondras*
Robert P. Kondras, Jr.
"ATTORNEY"