UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| AMY L. SCHNEIDER and JANET E. BRENEMAN, *individually and on behalf of others similarly situated*, | ) ) ) ) | |
| *Plaintiffs*, | ) ) | No. 2:15-cv-00204-JMS-DKL |
| vs. | ) ) | |
| UNION HOSPITAL, INC., | ) ) | |
| *Defendant*. | ) ) ) | |
| SARAH J. GERACI, *individually and on behalf of others similarly situated*, | ) ) ) | |
| *Plaintiff*, | ) ) | No. 2:16-cv-00207-JMS-DKL |
| vs. | ) ) | |
| UNION HOSPITAL, INC., | ) ) | |
| *Defendant*. | ) ) | |

**ORDER**

The Court held a Fairness Hearing in this matter and a hearing on Plaintiffs' Motion for Final Approval of Class Counsel's Attorney's Fees, [Filing No. 122], on May 8, 2017.[1] Plaintiffs Amy Schneider, Janet Breneman, and Sarah Geraci were present by counsel Robert Kondras, Jr.

---

[1] The settlement in this matter applies to two cases: *Schneider, et al. v. Union Hospital, Inc.*, 2:15-cv-00204-JMS-DKL, and *Geraci v. Union Hospital, Inc.*, 2:16-cv-00207-JMS-DKL. The Court consolidated the two cases for settlement purposes on December 19, 2016. [Filing No. 114.] Accordingly, although there are technically two cases, the Court refers to them collectively for simplicity. The docket cites in this Order, however, reference the *Schneider* case.

Defendant Union Hospital, Inc. ("Union") was present by counsel Dana Stutzman and Nicholas Johnston, and corporate representative Sally Zuel. The court reporter was Jean Knepley.

The settlement in this matter encompassed claims brought by a collective action class under the Fair Labor Standards Act ("FLSA"), and by a Fed. R. Civ. P. 23 class under the Indiana wage Payment Act ("IWPA"). The parties presented argument regarding final approval of the settlement, including the number of class members who submitted claim forms, details regarding the payments that will be made to members of the collective action and the class action, and the amount of attorneys' fees and costs sought by Plaintiffs' counsel. Plaintiffs' counsel submitted a Plan of Allocation, which the Court made part of the record as Exhibit 1. Counsel advised that no individuals filed objections to the settlement, and none were received directly by the Court. Plaintiffs' counsel also submitted invoices reflecting his work in connection with this matter. [*See* Filing No. 122-5; Filing No. 122-6.] Plaintiffs' counsel orally moved for final approval of the Settlement Agreement. For the reasons set forth below, the Court **GRANTS** Plaintiffs' Motion for Final Approval of Class Counsel's Attorney's Fees, [Filing No. 122], and **GRANTS** Plaintiffs' oral Motion for Final Approval of the Settlement Agreement.

FLSA collective action settlement agreements must be approved by the Court. 29 U.S.C. § 216(b)-(c); *see also Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986). "Normally, a settlement is approved where it is the result of 'contentious arm's length negotiations, which are undertaken in good faith by counsel…and serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation.'" *Burkholder v. City of Ft. Wayne*, 750 F.Supp.2d 990, 995 (N.D. Ind. 2010). The Court must consider "whether the agreement reflects a reasonable

compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Id.* The following factors should be considered:

> (1) The complexity, expense, and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceeding and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a larger judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund in light of all the risks of litigation.

*Id.*

Settlement of class claims brought under Fed. R. Civ. P. 23 may be approved if the Court finds the settlement to be "fair, adequate, and reasonable." Fed. R. Civ. P. 23(e)(2). The Seventh Circuit Court of Appeals has characterized the Court's role as that of a fiduciary to the class members in considering whether a settlement is fair and reasonable. *Wong v. Accretive Health, Inc.*, 773 F.3d 859, 862 (7th Cir. 2014).

After reviewing the Settlement Agreement and the Plan of Allocation, and considering the information presented by counsel at the hearing, the Court finds the settlement in this matter was reached in good faith and at arm's length, and is a reasonable compromise of the vigorously disputed issues in this case. Along with findings made on the record, the Court notes the following:

- Plaintiffs' counsel was diligent, and used all reasonable efforts, in attempting to locate class members;

- The response rate to the notices that were sent to the FLSA collective action members and the Rule 23 class members indicates that the method of notice was effective;

- No individuals filed objections to the settlement;

- The total settlement amount paid was the result of extensive negotiations between the parties, and the average amount paid is just under 75% of the maximum amount payable under the settlement agreement;

- The fees and costs Plaintiffs' counsel will receive under the Settlement Agreement are consistent with the contract between Plaintiffs' counsel and his clients; and are fair and reasonable, based on the amount of work counsel undertook in this litigation, a reasonable hourly rate, and the amount of fees and costs actually incurred;

- The parties have negotiated the amount of attorneys' fees, so an effective marketplace to determine the appropriate amount of fees was present here. *See McKinnie v. JP Morgan Chase Bank, N.A.*, 678 F.Supp.2d 806, 814 (E.D. Wis. 2009) ("[a]n appropriate attorneys' fee award is one that 're-creates' the market for the provided legal services") (citing *Montgomery v. Aetna Plywood, Inc.*, 231 F.3d 399, 408 (7th Cir. 2000) ("where the district court is asked to award reasonable attorneys' fees or reasonable costs, the measure of what is reasonable is what an attorney would receive from a paying client in a similar case")).

In sum, the Court **GRANTS** Plaintiffs' Motion for Final Approval of Class Counsel's Attorney's Fees, [Filing No. 122], and gives **FINAL APPROVAL** of the Parties' Settlement Agreement as a fair and reasonable compromise of a bona fide dispute. This matter is **DISMISSED WITH PREJUDICE** and without fees, costs or disbursements to any party, except as provided in the Settlement Agreement as to Plaintiffs' counsel's fees and costs. Final judgment shall enter accordingly. Payment under the Settlement Agreement shall commence no sooner than thirty days from the expiration of the date by which the final judgment must be appealed.

Date: May 9, 2017

*[Signature]*
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**